**Julio CERVANTES, Plaintiff-Appellant,**

v.

**IMCO, HALLIBURTON SERVICES, Defendant-Appellee.**

No. 82–2315.

United States Court of Appeals, Fifth Circuit.

March 26, 1984.

David Horton, Texas Rural Legal Aid, Inc., Edinburg, Tex., for plaintiff-appellant.

O.C. Hamilton, Jr., Neil E. Norquest, McAllen, Tex., for defendant-appellee.

ON PETITION FOR REHEARING

Before CLARK, Chief Judge, GOLDBERG and POLITZ, Circuit Judges.

PER CURIAM:

In its petition for rehearing, IMCO-Halliburton Services invites the court's attention to what it considers to be two misstatements of fact in the original opinion. One has merit. IMCO suggests that the court erred in stating that "Cervantes reported to his IMCO supervisor on October 30, 1978, that he was physically ready and able to resume his job." The underscored portion is challenged. Upon reexamination of the record, we agree and recast that sentence as follows:

Cervantes reported to his IMCO supervisor on October 30, 1978 that he had been released by his physician and was ready to return to his duties consistent with that physician's advice.

In reversing the summary judgment which the district court had granted based solely on limitations, it was not our purpose to make or suggest factual findings on the merits of the case. Our decision implicates only those factual and legal determinations inherent in a proper resolution of the limitations issue. Fact findings on the merits, and the ultimate resolution of the merits by whatever procedure deemed appropriate by the district court, remains within the exclusive province of the district court.

The second suggested misstatement, relating to our characterization of the gravamen of plaintiff's individual and class action complaint, is without merit. Equally without merit is IMCO's suggestion that we should grant its motion for summary judgment on the merits, even though the trial court has not considered the matter.

Subject to the foregoing, the petition for rehearing is DENIED.